## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| ALAN GILLESPIE | ) | CASE NO: |
| 12600 Rockside Road, Apt. 219 | ) | |
| Garfield Heights, Ohio, 44125 | ) | |
| | ) | |
|    Plaintiff, | ) | JUDGE: |
| | ) | |
|     v. | ) | |
| | ) | |
| RICHARD MICHAEL DEWINE, IN HIS | ) | |
| OFFICIAL CAPACITY AS THE ELECTED | ) | |
| GOVERNOR OF THE STATE OF OHIO | ) | |
| Riffe Center, 30th Floor, | ) | |
| 77 South High Street | ) | |
| Columbus, Ohio 43215 | ) | |
| | ) | |
| -and- | ) | **COMPLAINT FOR DAMAGES** |
| | ) | |
| ANNETTE CHAMBERS-SMITH, | ) | |
| IN HER OFFICIAL CAPACITY AS THE | ) | |
| DIRECTOR OF THE OHIO DEPARTMENT | ) | **JURY TRIAL DEMANDED** |
| OF REHABILITATION AND CORRECTION | ) | |
| 4545 Fisher Road, Suite D | ) | |
| Columbus, Ohio 43228 | ) | |
| | ) | |
| -and- | ) | |
| | ) | |
| KENNETH BLACK, IN HIS OFFICIAL AND | ) | |
| INDIVIDUAL CAPACITY AS THE | ) | |
| WARDEN OF RICHLAND | ) | |
| CORRECTIONAL INSTITUTION | ) | |
| 1001 Olivesburg Road | ) | |
| Mansfield, Ohio 44905 | ) | |
| | ) | |
| -and- | ) | |
| | ) | |
| ARAMARK FOOD SERVICE | ) | |
| CORPORATION | ) | |
| 4400 Easton Commons Way, Suite 125 | ) | |
| Columbus, Ohio 43219 | ) | |
| | ) | |
| -and- | | |

FALISHA KENNEBREW, IN HER )
OFFICIAL AND INDIVIDUAL CAPACITY )
AS AN OFFICER OF THE RICHLAND )
CORRECTIONAL INSTITUTION )
1001 Olivesburg Road )
Mansfield, Ohio 44905 )
)
-and- )
)
AMANDA ROUSH, IN HER OFFICIAL )
AND INDIVIDUAL CAPACITY AS A CASE )
MANAGER OF THE RICHLAND )
CORRECTIONAL INSTITUTION )
1001 Olivesburg Road )
Mansfield, Ohio 44905 )
)
-and- )
)
JOHN DOES 1 – 4, EMPLOYEES, AGENTS, )
AND/OR REPRESENTATIVES OF THE )
OHIO DEPARTMENT OF )
REHABILITATION AND CORRECTION IN )
THEIR OFFICAL AND INDIVIDUAL )
CAPACITIES )
4545 Fisher Road, Suite D )
Columbus, Ohio 43228 )
)
-and- )
)
JOHN DOES 5 & 6, EMPLOYEES, )
AGENTS, AND/OR REPRESENTATIVES )
OF ARAMARK FOOD SERVICE )
CORPORATION )
4400 Easton Commons Way, Suite 125 )
Columbus, Ohio 43219 )
)
-and- )
)
JIMMIE WOODLAND (A447532) )
Toledo Correctional Institution )
2001 E. Central Ave. )
Toledo, Ohio 43608 )
)
    Defendants. )

Now come Plaintiff, Alan Gillespie (hereinafter "Gillespie"), by and through undersigned counsel, and submit his Complaint against Defendants, alleged on knowledge as to their own actions, and otherwise upon information and belief, as follows:

## I.  JURISDICTION

1.      This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3) and (4) for redress under 42 U.S.C. §§ 1983 *et seq.* for deprivation of rights, privileges, and immunities secured by the constitution and laws of the United States.

2.      This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 over claims arising from Ohio law here presented in this action as the claims arising from Ohio law are so related to the claims arising from 42 U.S.C. §§ 1983 *et seq.* that they form a part of the same case or controversy.

3.      Gillespie is a resident of the State of Ohio.

4.      The actions described related to the incident bringing rise to this claim occurred in Richland County in the State of Ohio.

5.      Upon knowledge and belief, Governor Richard Michael DeWine (hereinafter "Governor DeWine") has been the governor of the State of Ohio and is a resident of the State of Ohio during all times alleged in the Complaint.

6.      Upon knowledge and belief, Annette Chambers-Smith (hereinafter "Director Chambers") is the director of the Ohio Department of Rehabilitation and Correction (hereinafter "ODRC") and a resident of the State of Ohio during all times alleged in the Complaint. ODRC is a political subdivision of the State of Ohio. Director Chambers holds her office by appointment by and at the pleasure of Governor DeWine.

7.       Upon knowledge and belief, Kenneth Black (hereinafter "Warden Black") is the warden of the Richland Correctional Institution (hereinafter "RCI") and a resident of the State of Ohio during all times alleged in the Complaint. RCI is a political subdivision of the State of Ohio and a division of ODRC.

8.       Upon knowledge and belief, Falisha Kennebrew (hereinafter "Kennebrew") is a corrections officer of RCI and a resident of the State of Ohio during all times alleged in the Complaint.

9.       Upon knowledge and belief, Amanda Roush (hereinafter "Roush") is a case manager of RCI and a resident of the State of Ohio during all times alleged in the Complaint.

10.      Upon knowledge and belief, Jimmie Gene Woodland (hereinafter "Woodland") was an inmate at the RCI and is a resident of the State of Ohio during all times alleged in the Complaint.

11.      Upon knowledge and belief, John Does 1 – 4, are employees, agents, or representatives of the ODRC and are residents of the State of Ohio during all times alleged in the Complaint.

12.      Upon knowledge and belief, John Does 5 and 6, are employees, agents, or representatives of Defendant Aramark Food Service Corporation (hereinafter "Aramark") and are residents of the State of Ohio during all times alleged in the Complaint.

13.      This Court has personal jurisdiction over Defendants Governor DeWine, Director Chambers, Warden Black, Kennebrew, Roush, Woodland, and John Does 1-6 as these defendants reside at the forum of which this Court sits.

14.      This Court has personal jurisdiction over Defendant Aramark as Defendant Aramark operates and/or conducts business within the forum of this Court.

4

## II.    VENUE

**15.**    Paragraphs 1-14 are incorporated as if fully restated herein.

**16.**    The 42 U.S.C. 1983 civil rights action at the heart of this matter occurred in the Richland Correctional Institution, which is located in Richland County. Thus, venue is proper and appropriate in this Court.

## III.    FACTS

**17.**    Paragraphs 1-16 are incorporated as if fully restated herein.

**18.**    On July 25, 2022, Gillespie was an inmate at the RCI, the Richland County facility of ODRC.

**19.**    On July 25, 2022, Defendant Woodland was also an inmate at the RCI.

**20.**    Gillespie became an inmate within ODRC on or about May 20, 2020.

**21.**    Woodland became an inmate within ODRC on or about May 06, 2003.

**22.**    RCI houses Level 1 and Level 2 security inmates.

**23.**    Woodland was convicted and sentenced in 2003 for aggravated murder and felony assault out of the Wood County Common Pleas Court in case number 2001CR0256.

**24.**    Upon information and belief, RCI does not possess the security level appropriate to house Woodland.

**25.**    Woodland is a known leader of the Aryan Brotherhood.

**26.**    Warden Black, Kennebrew, and Roush had knowledge of Woodland's affiliation with the Aryan Brotherhood.

**27.**    Gillespie is Jewish, and this was known by Warden Black, Kennebrew, and Roush as Gillespie required Kosher meals.

**28.**     Prior to July 25, 2022, and during his sentence at RCI, Woodland stole many items from Gillespie's cell.

**29.**     Gillespie notified ODRC Correction Officers John Doe 1 and John Doe 2 on numerous occasions that Woodland was stealing from him.

**30.**     Gillespie also notified ODRC Correction Officers John Doe 1 and John Doe 2 of Woodland's violent threats towards him.

**31.**     Upon information and belief, Woodland had at least one prior incident of violence while he was a ward of the State of Ohio at RCI after his sentencing in 2003 in RCI or in other facilities of ODRC.

**32.**     ODRC Correction Officers John Doe 1 and John Doe 2 deliberately ignored and acted with deliberate indifference towards all of Gillespie's notices of Woodland's hostility towards him despite Woodland's history of violence.

**33.**     Upon information and belief, ODRC Correction Officers John Doe 1 and John Doe 2 violated ODRC's own policy when they acted with deliberate indifference towards all of Gillespie's notices of Woodland's hostility towards him despite Woodland's history of violence.

**34.**     Upon information and belief, Aramark entered into a contract with ODRC to provide food services to RCI.

**35.**     Aramark employed RCI inmates to provide food services to RCI.

**36.**     During part of his sentencing at the RCI, Woodland was an employee of Aramark.

**37.**     Prior to July 25, 2022, Aramark terminated Woodland's employment.

**38.**     On or about July 25, 2022, Woodland verbally threatened Aramark and Aramark employees John Doe 5 and John Doe 6, that he was going to "stab" another person if Aramark did not rehire him at the Chow Hall line of the RCI.

6

**39.** Aramark employees John Doe 5 and John Doe 6 told Woodland to "fuck off."

**40.** It was known to employees and staff of ODRC and RCI that Woodland wanted to "finish off" Gillespie as Woodland put out a hit on Gillespie that was reported to the employees of RCI.

**41.** Kennebrew was present when Woodland threatened Aramark and Aramark employees of his intention to "stab" another person and heard Woodland's threats.

**42.** Upon information and belief, Kennebrew violated ODRC's own policy when he deliberately ignored and/or acted with deliberate indifference towards Woodland's threats, which was a substantial and credible risk.

**43.** Upon information and belief, ODRC policy requires Kennebrew to remove and separate Woodland from the rest of the RCI population once Woodland threatened to injure another person.

**44.** On or about July 25, 2022, Woodland created a bladed weapon, which is contraband, to stab someone as threatened.

**45.** On July 25, 2022, Woodland proceeded to seriously injure Gillespie with the bladed weapon after Woodland had already threatened to "stab" another person.

**46.** Woodland's goal of his assault on Gillespie was to murder Gillespie, as evidenced by the fact that Gillespie's injuries to his face and jaw were only a few inches away from his neck and the "hit" placed on Gillespie.

**47.** Woodland's assault on Gillespie caused severe injuries to Gillespie's face and jaw.

**48.** This incident has also caused permanent scarring and extreme emotional damage to Gillespie.

**49.** Gillespie's injuries required a level of treatment beyond what RCI could provide.

7

**50.**     Gillespie's injuries were only treated by ODRC employee John Doe 3 at RCI.

**IV.  <u>COUNT ONE: FOURTEENTH AMENDMENT CIVIL RIGHTS VIOLATION, DELIBERATE INDIFFERENCE TO PLAINTIFF'S INJURIES UNDER 42 U.S.C. §§ 1983 *et seq.*</u>**

**51.**     Paragraphs 1-50 are incorporated as if fully restated herein.

**52.**     Gillespie's substantive and procedural due process rights, under the Fourteenth Amendment of the United States Constitution, were violated by every Defendant's deliberate indifference to Gillespie's injuries as a result of Jimmie Woodland's attack.

**53.**     Due to the severity of Gillespie's injuries, he had an objectively serious medical condition that any medical professional at the ODRC would immediately understand would require medical assistance beyond what RCI could provide.

**54.**     ODRC officials and employees perceived the fact of Gillespie's severe injuries near his vital organs and neck and understood the risks, drew such an inference, and disregarded that risks when they undertook actions to only treat Gillespie at the RCI instead of at a dedicated medical facility outside the ODRC.

**55.**     The actions and inactions of Defendants, ODRC officials and employees, and each of them, deprived Gillespie of his protected interest in life, liberty, and property without due process, when he was denied proper medical treatment.

**56.**     The actions and inactions of Defendants, ODRC officials and employees, and each of them, deprived Gillespie of his protected interest in life, liberty, and property without due process, when Defendants did not correctly follow procedure for severe injuries near the neck and/or vital organs.

**57.**     ODRC's policies and procedures are unconstitutional, or alternatively, applied in an unconstitutional manner, in that they arbitrarily denied appropriate medical treatment to inmates,

and/or that they effectively caused deliberate indifference to the medical needs to inmates' severe injuries near vital organs and/or neck.

**58.** RCI's policies and procedures are unconstitutional, or alternatively, applied in an unconstitutional manner, in that they arbitrarily denied appropriate medical treatment to inmates, and/or that they effectively caused deliberate indifference to the medical needs to inmates' severe injuries near vital organs and/or neck.

## V. COUNT TWO: FOURTEENTH AMENDMENT CIVIL RIGHTS VIOLATION, GROSS NEGLIGENCE TO PLAINTIFF'S INJURIES UNDER 42 U.S.C. §§ 1983 *et seq.*

**59.** Paragraphs 1-58 are incorporated as if fully restated herein.

**60.** Gillespie's substantive and procedural due process rights, under the Fourteenth Amendment of the United States Constitution, were violated by every Defendant's gross negligence of Gillespie's injuries as a result of Jimmie Woodland's attack.

**61.** Due to the severity of Gillespie's injuries, he had an objectively serious medical condition that any medical professional at the ODRC would immediately understand would require medical assistance beyond what RCI could provide.

**62.** ODRC officials and employees perceived the fact of Gillespie's severe injuries near his vital organs and neck and understood the risks, drew such an inference, and grossly neglected that risks when they undertook actions to only treat Gillespie at the RCI instead of at a dedicated medical facility outside the ODRC.

**63.** The actions and inactions of Defendants, ODRC officials and employees, and each of them, deprived Gillespie of his protected interest in life, liberty, and property without due process, when he was denied proper medical treatment.

**64.** The actions and inactions of Defendants, ODRC officials and employees, and each of them, deprived Gillespie of his protected interest in life, liberty, and property without due

process, when Defendants did not correctly follow procedure for severe injuries near the neck and/or vital organs.

**65.** ODRC's policies and procedures are unconstitutional, or alternatively, applied in an unconstitutional manner, in that they arbitrarily denied appropriate medical treatment to inmates, and/or that they effectively caused gross negligence to the medical needs to inmates' severe injuries near vital organs and/or neck.

**66.** RCI's policies and procedures are unconstitutional, or alternatively, applied in an unconstitutional manner, in that they arbitrarily denied appropriate medical treatment to inmates, and/or that they effectively caused gross negligence to the medical needs to inmates' severe injuries near vital organs and/or neck.

## VI. COUNT THREE: CRUEL AND USUAL PUNISHMENT, DELIBERATE INDIFFERENCE TO PLAINTIFF'S INJURIES UNDER 42 U.S.C. §§ 1983 *et seq.*

**67.** Paragraphs 1-66 are incorporated as if fully reinstated herein.

**68.** Defendants' denial of and failure to provide necessary medical care for Gillespie amounted to the infliction of cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

**69.** Defendants provided inadequate medical treatment for Gillespie at the RCI.

**70.** All Defendants acted with deliberate indifference towards Gillespie's injuries when they denied to transfer Gillespie to a dedicated medical facility outside of RCI in order to provide the necessary medical aid which he required.

**71.** All Defendants at all points sought to therefore inflict cruel and unusual punishment upon Alan Gillespie as an inmate and ward of the State of Ohio.

## VII. COUNT FOUR: CRUEL AND USUAL PUNISHMENT, GROSS NEGLIGENCE TO PLAINTIFF'S INJURIES UNDER 42 U.S.C. §§ 1983 *et seq.*

**72.** Paragraphs 1-71 are incorporated as if fully reinstated herein.

**73.** Defendants' denial of and failure to provide necessary medical care for Gillespie amounted to the infliction of cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

**74.** Defendants provided inadequate medical treatment for Gillespie at the RCI.

**75.** All Defendants acted with gross negligence towards Gillespie's injuries when they denied to transfer Gillespie to a dedicated medical facility outside of RCI in order to provide the necessary medical aid which he required.

**76.** All Defendants at all points sought to therefore inflict cruel and unusual punishment upon Gillespie as an inmate and ward of the State of Ohio.

**VIII.** <u>**COUNT FIVE: FOURTEENTH AMENDMENT CIVIL RIGHTS VIOLATION, DELIBERATE INDIFFERENCE TO WOODLAND'S VERBAL THREATS UNDER 42 U.S.C. §§ 1983 *et seq.***</u>

**77.** Paragraphs 1-77 are incorporated as if fully restated herein.

**78.** Gillespie's substantive and procedural due process rights, under the Fourteenth Amendment of the United States Constitution, were violated by every Defendant's deliberate indifference to Jimmie Woodland's verbal threats that resulted in Gillespie's injuries.

**79.** Every Defendant knew, or should have known, of Jimmie Woodland's verbal threats, understood the risks of his threats, and disregarded that risk when they ignored his threats.

**80.** The actions and inactions of all Defendants deprived Gillespie of his protected interest in life, liberty, and property without due process, when he was injured as a result of Defendants deliberate indifference to Jimmie Woodland's threats.

**81.** The actions and inactions of all Defendants deprived Gillespie of his protected interest in life, liberty, and property without due process, when Defendants did not correctly follow procedure to separate Jimmie Woodland from the rest of the RCI population after he made his threats.

**82.**    ODRC's policies and procedures are unconstitutional, or alternatively, applied in an unconstitutional manner, in that they arbitrarily ignored an inmate's threats, and/or that they effectively caused deliberate indifference to an inmate's threat of injury to another person.

**83.**    RCI's policies and procedures are unconstitutional, or alternatively, applied in an unconstitutional manner, in that they arbitrarily ignored an inmate's threats, and/or that they effectively caused deliberate indifference to an inmate's threat of injury to another person.

IX.    **COUNT SIX: FOURTEENTH AMENDMENT CIVIL RIGHTS VIOLATION, GROSS NEGLIGENCE OF WOODLAND'S VERBAL THREATS UNDER 42 U.S.C. §§ 1983** *et seq.*

**84.**    Paragraphs 1-83 are incorporated as if fully restated herein.

**85.**    Gillespie's substantive and procedural due process rights, under the Fourteenth Amendment of the United States Constitution, were violated by every Defendant's gross negligence of Jimmie Woodland's verbal threats that resulted in Gillespie's injuries.

**86.**    Every Defendant knew, or should have known, of Jimmie Woodland's verbal threats, understood the risks of his threats, and disregarded that risk when they ignored his threats.

**87.**    The actions and inactions of all Defendants deprived Gillespie of his protected interest in life, liberty, and property without due process, when he was injured as a result of Defendants' gross negligence to Jimmie Woodland's threats.

**88.**    The actions and inactions of all Defendants deprived Gillespie of his protected interest in life, liberty, and property without due process, when Defendants did not correctly follow procedure to separate Jimmie Woodland from the rest of the RCI population after he made his threats.

**89.**    ODRC's policies and procedures are unconstitutional, or alternatively, applied in an unconstitutional manner, in that they arbitrarily ignored an inmate's threats, and/or that they

effectively caused their employees' gross negligence of an inmate's threat of injury to another person.

**90.** RCI's policies and procedures are unconstitutional, or alternatively, applied in an unconstitutional manner, in that they arbitrarily denied appropriate ignored an inmate's threats, and/or that they effectively caused their employees' gross negligence of an inmate's threat of injury to another person.

## X.    COUNT SEVEN: CRUEL AND USUAL PUNISHMENT, DELIBERATE INDIFFERENCE TO WOODLAND'S VERBAL THREATS UNDER 42 U.S.C. §§ 1983 *et seq.*

**91.** Paragraphs 1-90 are incorporated as if fully reinstated herein.

**92.** Defendants' failure to separate Jimmie Woodland from the rest of the RCI population, who, in turn, injured Gillespie after making legitimate threats, amounted to the infliction of cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

**93.** All Defendants failed to detain and separate Jimmie Woodland from the rest of the RCI population after he had threatened to injure another person.

**94.** All Defendants knew of Jimmie Woodland's violent history and credible threats. Yet, they purposefully acted with deliberate indifference by ignoring Jimmie Woodland's threats.

**95.** All Defendants failed to prevent Jimmie Woodland from attacking Gillespie even after having knowledge of Jimmie Woodland's threats.

**96.** All Defendants acted with deliberate indifference to the ODRC's and/or RCI's policies to separate violent inmates from and prevent physical harm to other inmates.

**97.** Every Defendant's deliberate indifference to Jimmie Woodland's threats gave Jimmie Woodland the opportunity to injure Gillespie, and effectively caused Gillespie's injuries.

**98.**     Every Defendant at all points sought to therefore inflict cruel and unusual punishment upon Gillespie as an inmate and ward of the State of Ohio.

**99.**     ODRC's policies and procedures are unconstitutional, or alternatively, applied in an unconstitutional manner, in that they arbitrarily ignored an inmate's own verbal threat to injure another, and/or that they effectively caused deliberate indifference to imminent attacks by an inmate upon another.

**100.**    RCI's policies and procedures are unconstitutional, or alternatively, applied in an unconstitutional manner, in that they arbitrarily denied ignored an inmate's own verbal threat to injure another, and/or that they effectively caused deliberate indifference to imminent attacks by an inmate upon another.

**XI.     COUNT EIGHT: CRUEL AND USUAL PUNISHMENT, GROSS NEGLIGENCE OF WOODLAND'S VERBAL THREATS UNDER 42 U.S.C. §§ 1983 *et seq.***

**101.**    Paragraphs 1-100 are incorporated as if fully reinstated herein.

**102.**    Defendants' failure to separate Jimmie Woodland from the rest of the RCI population, who, in turn, injured Gillespie, amounted to the infliction of cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

**103.**    All Defendants grossly neglected to detain and separate Jimmie Woodland from the rest of the RCI population after he had threatened to injure another person.

**104.**    Every Defendant knew of Jimmie Woodland's violent history and credible threats. Yet, they acted with gross negligence towards Jimmie Woodland's threats.

**105.**    Every Defendant failed to prevent Jimmie Woodland from attacking Gillespie even after having notice of Jimmie Woodland's threats.

**106.**    Every Defendant acted with gross negligence for failing to follow the ODRC's and/or RCI's policies to separate violent inmates from and prevent physical harm to other inmates.

**107.** Every Defendant's gross negligence of Jimmie Woodland's threats gave Jimmie Woodland the opportunity to injure Gillespie, and effectively caused Gillespie's injuries.

**108.** Every Defendant at all points sought to therefore inflict cruel and unusual punishment upon Gillespie as an inmate and ward of the State of Ohio.

**109.** ODRC's policies and procedures are unconstitutional, or alternatively, applied in an unconstitutional manner, in that they arbitrarily ignored an inmate's threats, and/or that they effectively caused their employees' gross negligence of an inmate's threat of injury to another person.

**110.** RCI's policies and procedures are unconstitutional, or alternatively, applied in an unconstitutional manner, in that they arbitrarily denied appropriate ignored an inmate's threats, and/or that they effectively caused their employees' gross negligence of an inmate's threat of injury to another person.

**XII. COUNT NINE: FOURTEENTH AMENDMENT CIVIL RIGHTS VIOLATION, DELIBERATE INDIFFERENCE TO EMPLOYEE TRAINING UNDER 42 U.S.C. §§ 1983 *et seq.***

**111.** Paragraphs 1-110 are incorporated as if fully reinstated herein.

**112.** Gillespie alleges that Defendants Director Chambers and Warden Black failed to train their employees to separate inmates, who verbally threaten violence in the presence of said employees, from the rest of the RCI population so as to have caused deliberate indifference to Jimmie Woodland's threats and subsequent injuries of Gillespie.

**113.** Gillespie's substantive and procedural due process rights, under the Fourteenth Amendment of the United States Constitution, were violated by Defendants Director Chambers' and Warden Black's deliberate indifference to their employees' training of the procedure to take when an inmate makes a verbal threat in the employee's presence.

114.     The actions and inactions of Defendants Director Chambers and Warden Black deprived Gillespie of his protected interest in life, liberty, and property without due process, when he was injured as a result of Defendants' deliberate indifference to their employees' training.

115.     The actions and inactions of Director Chambers and Warden Black deprived Gillespie of his protected interest in life, liberty, and property without due process, when Defendants did not correctly train their employees follow procedure to separate Jimmie Woodland from the rest of the RCI population after Woodland made his threats.

## XIII.   COUNT TEN: FOURTEENTH AMENDMENT CIVIL RIGHTS VIOLATION, GROSS NEGLIGENCE OF EMPLOYEE TRAINING UNDER 42 U.S.C. §§ 1983 *et seq.*

116.     Paragraphs 1-115 are incorporated as if fully restated herein.

117.     Gillespie alleges that Defendants Director Chambers and Warden Black grossly neglected to correctly train their employees to separate inmates, who verbally threaten violence in the presence of said employees, from the rest of the RCI population so as to have caused their employees to ignore Jimmie Woodland's threats and subsequent injuries of Gillespie.

118.     Gillespie's substantive and procedural due process rights, under the Fourteenth Amendment of the United States Constitution, were violated by Director Chambers's and Warden Black's gross negligence of their employees' training of the procedure to take when an inmate makes a verbal threat in the employee's presence.

119.     The actions and inactions of every Director Chambers and Warden Black deprived Gillespie of his protected interest in life, liberty, and property without due process, when he was injured as a result of Director Chambers and Warden Black's gross negligence of their employees' training.

120.     The actions and inactions of Defendants Director Chambers and Warden Black deprived Gillespie of his protected interest in life, liberty, and property without due process, when

16

Defendants Director Chambers and Warden Black trained their employees in a grossly negligent manner such that their employees failed to separate Jimmie Woodland from the rest of the RCI population after Woodland made his threats.

**XIV.  COUNT ELEVEN: FOURTEENTH AMENDMENT CIVIL RIGHTS VIOLATION, DELIBERATE INDIFFERENCE TO THE HOUSING OF WOODLAND UNDER 42 U.S.C. §§ 1983 *et seq.***

**121.**     Paragraphs 1-121 are incorporated as if fully reinstated herein.

**122.**     Gillespie alleges that Defendants Governor DeWine, Director Chambers, Warden Black, and Roush failed to adhere to the policy of housing only level 1 and level 2 inmates at the RCI by housing Jimmie Woodland at the RCI

**123.**     Gillespie alleges that Defendants Governor DeWine, Director Chambers, Warden Black, and Roush acted with deliberate indifference to the inmate housing policy by housing Jimmie Woodland at the RCI so as to have caused the injuries of Gillespie.

**124.**     Upon information and belief, Jimmie Woodland is classified as higher than level 2.

**125.**     Gillespie's substantive and procedural due process rights, under the Fourteenth Amendment of the United States Constitution, were violated by Defendants Governor DeWine's, Director Chambers', Warden Black's, and Roush's deliberate indifference to housing of Jimmie Woodland because Gillespie was placed in a dangerous situation without due process.

**126.**     The actions and inactions of Defendants Governor DeWine, Director Chambers, Warden Black, and Roush deprived Gillespie of his protected interest in life, liberty, and property without due process, when he was injured as a result of said Defendants' deliberate indifference to inmate housing policy.

**127.**     The actions and inactions of Defendants Governor DeWine, Director Chambers, Warden Black, and Roush Gillespie of his protected interest in life, liberty, and property without

due process, when said Defendants did not follow the inmate housing policy by placing Jimmie Woodland at RCI instead of at a higher security level facility.

128.    ODRC's policies and procedures are unconstitutional, or alternatively, applied in an unconstitutional manner, in that they arbitrarily housed higher security level inmates with lower ones, and/or that they effectively caused deliberate indifference to the housing of a higher security level inmate with lower security level inmates.

129.    RCI's policies and procedures are unconstitutional, or alternatively, applied in an unconstitutional manner, in that they arbitrarily housed higher security level inmates with lower ones, and/or that they effectively caused deliberate indifference to the housing of a higher security level inmate with lower security level inmates.

## XV. COUNT TWELVE: FOURTEENTH AMENDEMENT CIVIL RIGHTS VIOLATION, GROSS NEGLIGENCE OF WOODLAND'S HOUSING UNDER 42 U.S.C. §§ 1983 *et seq.*

130.    Paragraphs 1-129 are incorporated as if fully reinstated herein.

131.    Gillespie alleges that Defendants Governor DeWine, Director Chambers, Warden Black, and Roush grossly neglected to adhere to the policy of housing only level 1 and level 2 inmates at the RCI by housing Jimmie Woodland at the RCI.

132.    Gillespie alleges that Defendants Governor DeWine, Director Chambers, Warden Black, and Roush grossly neglected to adhere to the inmate housing policy by housing Jimmie Woodland at the RCI so as to have caused the injuries of Gillespie.

133.    Upon information and belief, Jimmie Woodland is classified as higher than level 2.

134.    Gillespie's substantive and procedural due process rights, under the Fourteenth Amendment of the United States Constitution, were violated by Defendants Governor DeWine's, Director Chambers', Warden Black's, and Roush's gross negligence as Gillespie was placed in a dangerous situation without due process.

**135.** The actions and inactions of Defendants Governor DeWine, Director Chambers, Warden Black, and Roush deprived Gillespie of his protected interest in life, liberty, and property without due process, when he was injured as a result of said Defendants' gross negligence to inmate housing policy.

**136.** The actions and inactions of Defendants Governor DeWine, Director Chambers, Warden Black, and Roush deprived Gillespie of his protected interest in life, liberty, and property without due process, when said Defendants did not follow the inmate housing policy by placing Jimmie Woodland at RCI instead of at a higher security level facility.

**137.** ODRC's policies and procedures are unconstitutional, or alternatively, applied in an unconstitutional manner, in that they arbitrarily housed higher security level inmates with lower ones, and/or that they effectively caused gross negligence in the housing of a higher security level inmate with lower security level inmates.

**138.** RCI's policies and procedures are unconstitutional, or alternatively, applied in an unconstitutional manner, in that they arbitrarily housed higher security level inmates with lower ones, and/or that they effectively caused gross negligence in the housing of a higher security level inmate with lower security level inmates.

## XVI.  COUNT THIRTEEN: NEGLIGENCE

**139.** Paragraphs 1-138 are incorporated as if fully reinstated herein.

**140.** Every Defendant, aside from Woodland, owed Gillespie a common law duty of reasonable care and protection from unreasonable risk.

**141.** Failure to separate an inmate, who threatened violence in the Defendants' presence, from the rest of the RCI population was an unreasonable risk when the inmate making the threat (Woodland) has a history of violence inside and outside of prison.

**142.** Failure to train employees to separate inmates, who verbally threaten violence in the presence of said employees, from the rest of the RCI population was an unreasonable risk.

**143.** Every Defendant violated their common law duty to Gillespie when they failed to separate Woodland, who threatened violence in the Defendants' presence, from the rest of the RCI population.

**144.** Defendants Director Chambers and Warden Black breached their common law duty to Gillespie when they failed to train their employees to separate inmates, who verbally threaten violence in the presence of said employees, from the rest of the RCI population.

**145.** Every Defendants' breaches of their duty to Gillespie caused his injuries because it gave Woodland, who had the intent to injure another inmate, the opportunity to injure Gillespie.

**146.** Gillespie suffered severe physical and mental damage as a result of the Defendants' breaches of their duty.

**147.** Every Defendant is liable for their negligence in caring for Gillespie, an inmate in their care and protection.

## XVII.  COUNT FOURTEEN: NEGLIGENCE PER SE, VIOLATION OF R.C. 2921.44(C)

**148.** Paragraphs 1-147 are incorporated as if fully reinstated herein.

**149.** Defendants Warden Black, Kennebrew, Roush, and John Does 1 – 4, owed Gillespie a statutory duty of care.

**150.** Pursuant to R.C. 2921.44(C)(3), no officer in charge of a detention facility shall negligently fail to prevent physical harm to a prisoner by another.

**151.** Defendants Warden Black, Kennebrew, Roush, and John Does 1 – 4 are officers in charge of the RCI detention facility.

**152.** Defendants Warden Black, Kennebrew, Roush, and John Does 1 – 4 negligently failed to prevent Woodland from physically harming Gillespie when they failed to separate

20

Woodland form the rest of the RCI population even after knowing of Woodland's hostility towards Gillespie and his verbal threats.

**153.** Defendants Warden Black's, Kennebrew's, Roush's, and John Does' 1 – 4 violations of R.C. 2921.44(C) caused Gillespie's injuries as they knowingly failed to separate Woodland, an inmate with the intent to harm another, and gave Woodland the opportunity to injure Gillespie.

**154.** Gillespie suffered severe physical and mental damage as a result of Defendants Warden Black's, Kennebrew's, Roush's, and John Does' 1 – 4 breaches of their statutory duty.

**155.** Defendants, and each of them, are liable for their negligence per se as Plaintiff Alan Gillespie, an inmate in their care and protection, was the part of the group of people that R.C. 2921.44(C) was designed to protect and Plaintiff suffered injuries that the statute was designed to prevent.

## XVIII. COUNT FIFTEEN: ASSAULT AND BATTERY

**156.** Paragraphs 1-155 are incorporated as if fully reinstated herein.

**157.** On or about July 25, 2022, Defendant Woodland intentionally caused contact with Gillespie when he slashed Gillespie's jaw with a bladed weapon, without Gillespie's consent.

**158.** Defendant Woodland brutally assaulted and battered Plaintiff.

**159.** The assault and battery of Plaintiff by Defendant Woodland as described herein directly and proximately caused Plaintiff to suffer substantial physical and emotional pain, the effects of which still and will continue to affect Plaintiff in the future as the attack left Plaintiff with permanent scars.

## XIX. PUNITIVE DAMAGES

**160.** Paragraphs 1-159 are incorporated as if fully reinstated herein.

**161.** Plaintiff alleges that the conduct of all Defendants was wanton, reckless, and deliberate in nature so as to warrant punitive damages.

**162.** Due to the Defendants' wanton, reckless, and deliberate behavior and/or criminal behavior, Plaintiff seeks punitive damages in an amount that a trier of fact finds appropriate.

## XX.   **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that this Honorable Court grant judgment in favor of Plaintiff, Alan Gillespie, for the requested punitive damages and compensatory damages to be proven at trial in excess of Seventy-Five Thousand dollars ($75,000.00) including damages for pain and suffering, reasonable legal fees, interest and costs, and/or such other legal and equitable relief as this Court deems just and proper.

Respectfully submitted,

**RODERICK LINTON BELFANCE, LLP**

*/s/ Kristopher Immel*
Kristopher Immel (0088659)
David A. Randolph (0099632)
50 S. Main Street, 10th Floor
Akron, Ohio 44308
Tele:  (330) 434-3000
Fax:  (330) 434-9220
Email:  kimmel@rlbllp.com
drandolph@rlbllp.com
*Attorneys for Plaintiff*

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff Alan Gillespie demands a trial by jury on all issues so triable.

*/s/Kristopher Immel*
Kristopher B. Immel (0088659)
David A. Randolph (0099632)

22